U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JAN 0 9 2009

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY
SHREVEPORT

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF LOUISIANA SHREVEPORT DIVISION

| | |
|---|---|
| COREY HOLDER, )<br>Petitioner, )<br>)<br>-vs.- )<br>)<br>)<br>UNITED STATES OF AMERICA, )<br>Respondent. ) | Case No. 05-5007-01<br>05-5008M-01 |

## MEMORANDUM IN SUPPORT OF MOTION TO VACATE, SET ASIDE, AND OR CORRECT A SENTENCE PURSUANT TO 28 U.S.C. § 2255(4)

NOW COMES, the Petitioner, Corey Holder, proceeding pro-se in the above styled cause, asking this Honorable Court to construe this pleading liberally pursuant to *Haines v. Kerner*, **404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)**. Liberal construction does not excuse the failure to make any argument nor give the court license to raise issues that pro-se litigant has omitted. *Johnson v. Quarterman*, *479 F.3d 358 (5th Cir. 2007)* (Pro-se briefs are entitled to liberal construction but even pro-se litigants must brief arguments in order to preserve them.) "Under the rule of liberal construction, mere conclusory allegations on critical issues are insufficient to raise a constitutional issue, *Id.*" (citations omitted); *Ross v. Estelle*, *694 F.2d 1008, 1011 (5th Cir. 1983)* ("Absent evidence in the record, a court cannot consider a habeas petitioner's bold assertions on a critical issue in his pro-se petition ... to be probative evidentiary value").

1

# **INTRODUCTION**

"A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States Attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto .."

"A 1-year period of limitations shall apply to a motion under this section. The limitations period shall run from the latest of --

> *(4) the date on which the facts supporting claim or claims presented could have been discovered through the exercise of due diligence. See 28 U.S.C. § 2255(4).*

Therefore, this motion is timely under ***Johnson v. U.S., (2005)*** where through the exercise of due diligence, Petitioner, herein, discovered the facts of his attorney's misleading negligence on February, 2008. Therefore, Petitioner has until February, 2009, to file this instant petition.

## ISSUES PRESENTED

## COUNSEL RENDERED INEFFECTIVE ASSISTANCE WHEN HE FAILED TO FILE A REQUESTED NOTICE OF APPEAL

### Rule of Law

In *Roe v. Flores-Ortega, 528 U.S. 470, 120 S. Ct. 1029, 145 L. Ed. 2d 985 (2000)*, the Supreme Court held that the failure to file a requested Notice of Appeal (NOA) is *per se* ineffective assistance of counsel, with or without a showing that the appeal would have had merit. *Id. at 483-486*. When an attorney fails to file a NOA when requested to do so, then, the defendant need not demonstrate that he would have been able to raise meritorious issues on appeal. *Id. at 477-78*. The Court indicated that it would be unfair to require a litigant to argue in a § 2255 proceeding that his appeal would have had merit. *Id. at 486*. Instead, the defendant must only demonstrate that there is a reasonable probability that, but for counsel's failure, he would have timely appealed. *Id. at 484, 486. (See United States v. Tapp, 491 F.3d 263 (5th Cir. 2007).*

## ARGUMENT

Petitioner pled guilty to two (2) counts of felon in possession of a firearm and received 240 months (20 yrs.). At the sentencing hearing in May of 2006, Petitioner asked his attorney to file a NOA because he was not satisfied with his sentence or the manner in which his conviction had been obtained. At that time counsel, Mr. Gold, agreed with Petitioner and assured him on numerous occasions that if he pled guilty, he would move for a lesser sentence and he would file a NOA on his behalf. In contrast, it is Petitioner's belief that his plea was not knowingly and voluntarily made because Petitioner was operating off of the assumption that his counsel would perform as he had promised. However, after numerous attempts to contact counsel to inquire about his promised appeal, Petitioner was informed by a friend, Melanie Hamilton, that Mr. Gold had not filed his

requested NOA.[1] Therefore, it is Petitioner's contention that when his lawyer completely disregarded his request that he file a NOA, counsel acted in a professionally unreasonable manner. *Rodriguez v. United States*, 395 U.S. 327, 23 L. Ed. 2d 340, 89 S. Ct. 1715 (1987).

In *Flores-Ortega*, the Supreme Court held that the failure to file a requested NOA is per se ineffective assistance of counsel, with or without a showing that the appeal would have merit. *Id. at 483-86*. The court indicated that it would be unfair to require a litigant to argue in a § 2255 proceeding that his appeal would have merit. *Id. at 486*. Instead, the defendant must only demonstrate that there is a reasonable probability that, but for counsel's failures, he would have timely appealed. *Id. at 484, 486; United States v. Tapp*, 491 F.3d 263 (5th Cir. 2007).

## Strickland v. Washington Standard

*Strickland v. Washington*, 466 U.S. 668, 80 L. Ed. 2d 674 (1984), provides the proper framework for evaluating a claim that counsel was constitutionally ineffective for failing to file a Notice of appeal. Under *Strickland*, a defendant must show (1) counsel's representation "fell below an objective standard of reasonableness," *id., at 688*, and (2) that counsel's deficient performance prejudiced the defendant, *id., at 694*.

### Deficient Performance:

In the instant case at bar, the question here is whether counsel has performed deficiently. Here, counsel failed to file the requested NOA. Therefore, when Mr. Gold failed to file the requested NOA, he performed in a professionally unreasonable manner when he did not follow petitioner's express instructions. That failure alone constitutes deficient performance. *Flores-Ortega*, (citation omitted).

---

[1] See Affidavits attached hereto. Ex. A

**Prejudice:**

The second part of the *Strickland* test requires the defendant to show prejudice from counsel's deficient performance. Where an ineffective assistance of counsel claim involves counsel's performance during the course of a legal proceeding the court normally applies a strong presumption by demonstrating that counsel's errors actually had an adverse effect on the defense. The complete denial of counsel during a critical stage of a judicial proceeding, however, mandates a presumption of prejudice because "the adversary process itself" has been rendered "presumptively unreliable." *United States v. Cronic, 466 U.S. 648, 659, 80 L. Ed. 2d 657, 104 S. Ct. 2039 (1984)*. The even more serious denial of the entire judicial proceeding also demands a presumption of prejudice because no presumption of reliability can be accorded to judicial proceedings that never took place. *Id.*

In the instant case at bar, when Mr. Gold completely failed to file a Notice of Appeal as requested by Mr. Holder, the even more serious denial of the entire judicial proceeding demands a presumption of prejudice because no presumption of reliability can be accorded to judicial proceedings that never took place. *Flores-Ortega (cit. omitted)* Therefore, prejudice is presumed had not counsel misled Petitioner into believing he had filed a timely NOA, he would have filed one himself, and not forfeited his appeal rights.[2]

## DUE DILIGENCE UNDER Johnson v. United States, 2005

In the instant case at bar, Petitioner has diligently pursued his rights for appeal. At sentencing, this court advised petitioner that he had 10 days to file a NOA. Petitioner immediately told his attorney, Mr. Gold that he wished to appeal his sentence and conviction, in

---

[2] *Gomez-Diaz v. United States, 433 F.3d 788, 791-94 (11th Cir. 2005)*. (holding in case with waiver of direct appeal and collateral review that "[i]f the evidence establishes either that petitioner's attorney acted contrary to his client's wishes, or that he failed to fulfill his duty to attempt to determine his clients wishes, prejudice is to be presumed, and Petitioner is entitled to an out-of-time appeal, regardless of whether he can identify any arguably meritorious grounds for appeal that would fit one of the exceptions contained in his appeal waiver").

5

which counsel agreed to file a notice of appeal on his behalf. Petitioner then called counsel at which time counsel assured him that it had been taking care of. Petitioner then asked his mother, Mary Holder, to follow up with his attorney concerning his appeal rights during this time. Counsel also re-assured his petitioner's mother that he had filed a NOA. *(See Affidavit attached hereto).* Ex.B

In August of 2006, Petitioner had been transferred back to Bossier Parish to face state charges. While visiting with his attorney, Mr. Gold, Petitioner inquired about his federal appeal. At this meeting/visit, Mr. Gold informed Petitioner that his appeal would be filed soon. From this point until January 31, 2008, Petitioner was of the belief that his appeal had been filed, but Petitioner was not able to contact Mr. Gold to ascertain whether it had been filed or not. On January 31, 2008 while being sentenced to state charges, Petitioner asked his attorney about his appeal, and Mr. Gold stated that he still has time to file his appeal. However, in February of 2008, Petitioner asked his friend, Melanie Hamilton to call the Clerk of the Court to inquire about the status of his appeal. At this time, Ms. Hamilton had been informed that Mr. Gold had never filed the requested NOA. *(See Affidavit of Melanie Hamilton attached hereto).* Ex. A

Ms. Hamilton then notified Petitioner of counsel's neglect, and Petitioner filed numerous letters and hand written motions to the district court and the Fifth Circuit Court of Appeals in his attempt to restore his appellate rights. On December 31, 2008, this court denied Petitioner's motion/letter **WITHOUT PREJUDICE**. Therefore, this motion is timely filed under *28 U.S.C. § 2255(4)* where Petitioner under due diligence first discovered that his attorney did not file his NOA until February of 2008. Therefore, Petitioner has until February of 2009 to file this instant motion under *§ 2255(4).*

6

## **EVIDENTIARY HEARING IS WARRANTED**

Section *2255* provides that "[u]nless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.[3] **See, *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992)** ("A motion under *28 U.S.C. § 2255* can be denied without a hearing only if the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief.")

In the instant case at bar, an evidentiary hearing is therefore requested because there is no way from the record before the court to ascertain as to counsel's reason for not filing a Notice of Appeal after being requested to do so. Petitioner has filed several affidavits under the penalty of perjury with the court, two of which are from outside sources. An evidentiary hearing will allow counsel the opportunity to refute the allegations contained in the affidavits before the court can properly rule on the matter before it. This being so, due process concerns may be and is alleviated.

Therefore, Petitioner has conclusively shown that he is entitled to relief where he has offered evidence both inside of the record and outside of the record, and has made allegations of fact that if proven true would entitle him to relief. "[U]nless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." ("A motion under *28 U.S.C. § 2255* can be denied without a hearing only if the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief.")

---

[3] *28 U.S.C. § 2255 (2000)*. (Hearing required unless it "appears from the application that the applicant or person detained is not entitled" to relief).

7

Petitioner has demonstrated that he is entitled to relief; therefore an evidentiary hearing in this case is warranted.

## CONCLUSION

In conclusion, Petitioner respectfully request that this Honorable Court **GRANT** his motion pursuant to *28 U.S.C. § 2255(4)* due to counsel's not filing petitioner's notice of appeal in a timely fashion after being requested to do so, **GRANT** his motion for evidentiary hearing to allow counsel opportunity to refute the allegations contained in the Affidavit(s) point for point, and re-instate petitioner's direct appeal rights and appoint counsel in this matter.

Respectfully submitted,

Corey Holder

## CERTIFICATE OF SERVICE

I, Corey Holder, do state that I have served a copy of the foregoing document(s) on the following interested party(s) named below this 5th day of January, **2009** and that said document(s) were placed in the institutions mailing system timely pursuant to the mailbox rule announced in *Houston v. Lack, 487 U.S. 266, 101 L. Ed. 2d 245, 108 S. Ct. 2379 (1988)* (pro-se prisoner's notice of appeal deemed filed at the time of delivery to prison authorities):

**CLERK of the Court, United States District Court**
**Western District of Louisiana**
U.S. Court House
300 Fannin St., Suite 1167
Shreveport, Louisiana 71101-3083

Corey Holder

8