## DECLARATION

I, Corey Holder, **DO DECLARE** *under penalty of perjury, 28 U.S.C. § 1746*, that the foregoing aforementioned documents are true and correct and that they are not meant in any way to mislead, deceive, or trick the Court or its interested/intended parties.

I, Corey Holder, **DO DECLARE** *under penalty of perjury, 28 U.S.C. § 1746,* that I am over the age of 18, that I am in sound mind, and that I am not being coerced or threatened whether in any way to perform under penalty of perjury.

I, Corey Holder, **DO DECLARE** *under penalty of perjury, 28 U.S.C. § 1746,* that I have read the foregoing pleadings and that I understand the full implications for the penalty of perjury if falsehood(s) are contained within any of the aforementioned document(s).

Executed this  5th  day of January, 2009

Signed under penalty  *Corey Holder*
                     28 U.S.C. 1746

Printed signature  Corey Holder

Ex. A

## AFFIDAVIT

**STATE OF LOUISIANA**
**PARISH OF CADDO**

**BEFORE ME**, the undersigned Notary Public, duly commissioned and qualified in the state and parish aforesaid.

**PERSONALLY CAME AND APPEARED: MELANIE HAMILTON**, affiant, of full age and a resident and domiciled in the state and parish aforesaid, who, after first being duly sworn, did depose and say:

That affiant called the Clerk of Court of the United States District Court to verify information on behalf of Corey Holder in February 2008. Affiant was informed by Mrs. Marvice that a Notice of Appeal was not filed on Corey Holder's behalf within the ten days of his sentencing date of May 1, 2006. Affiant was further informed about a Form 2255. Mary Holder and I went to Mr. Gold to discuss Corey Holder's case in January 2008, to see the progress of his case. Upon the many questions we asked about the Notice of Appeal, Mr. Gold stated that the Notice was filed within the ten days of his sentencing date and that Mr. Holder did not need to worry about that right now. Mr. Gold further stated that he has more serious charges that he needs to get through.

_____
MELANIE HAMILTON

**SWORN TO AND SUBCRIBED** before me this the 5th day of December, 2008.

_____
NOTARY PUBLIC

#83181
Charity M. Stills,
Notary Public
My commission is for life.

# AFFIDAVIT

**STATE OF LOUISIANA**
**PARISH OF CADDO**

     **BEFORE ME**, the undersigned Notary Public, duly commissioned and qualified in the state and parish aforesaid.

     **PERSONALLY CAME AND APPEARED: MARY HOLDER**, affiant, of full age and a resident and domiciled in the state and parish aforesaid, who, after first being duly sworn, did depose and say:

     That this affidavit is in regard to affiant's son's, Corey Holder, Notice of Appeal. Corey was sentenced in May on 2006, for his federal charge. The Judge, Honorable Maurice Hicks, advised Corey that he had ten (10) days to file a notice of appeal. On that same day, before leaving the courtroom, Corey asked his lawyer, Mr. Daryl Gold would he file a Notice of Appeal and he said that he would. Corey later called me and asked if I would check with Mr. Gold to be sure it was done before the ten days would expire. I went to Mr. Gold's office and I asked him if he had filed the notice of appeal. He told me that he did. I left his office in good faith believing that he did. When I talked with Corey, I told him that Mr. Gold said that he filed it.

     Corey was subsequently transferred back to Shreveport from Pollock, Louisiana for his state charges in June 2007. He was sentenced in January 2008. During this time, Corey asked me to go see Mr. Gold because he should have received something back on his Notice of Appeal. I made and went to several appointments to see Mr. Gold and I was always told that he was still in court or he was out of town. I told Corey that I was giving a hard time trying to see Mr. Gold. Corey begged me not to stop trying because they should have something back on his Notice of Appeal and for me to get a copy. I went back to Mr. Gold's office. There, I spoke to his secretary and asked her for a copy after she stated that they did file the Notice. She went to the computer and there was nothing there. I told her that I didn't understand why it would be there when Mr. Gold was supposed to file it. After leaving the office, I called Corey's friend, Melanie Hamilton, about what the secretary had said. Melanie went to the Federal Court and was that that the Notice of Appeal was not filed. When I was finally able to talk to Mr. Gold and advised him that I wanted to talk to him about Corey's Notice of Appeal and about his hearing for the state, Mr. Gold told me, that Corey doesn't need to worry about his Notice of Appeal and that needs to get through the charges with the state. Melanie was also present during this conversation.

                                                                      *Mary Holder*
                                                                         MARY HOLDER

     **SWORN TO AND SUBCRIBED** before me this the 5th day of December, 2008.

                                            NOTARY PUBLIC
                                            #85361

                                      *Charity M. Stills,*
                                        *Notary Public*
                                  *My commission is for life.*

# AFFIDAVIT

STATE OF LOUISIANA
PARISH OF CADDO

**BEFORE ME**, the undersigned Notary Public, duly commissioned and qualified in the state and parish aforesaid.

**PERSONALLY CAME AND APPEARED: MARY HOLDER**, affiant, of full age and a resident and domiciled in the state and parish aforesaid, who, after first being duly sworn, did depose and say:

That this affidavit is in regard to affiant's son's, Corey Holder, Notice of Appeal. Corey was sentenced in May on 2006, for his federal charge. The Judge, Honorable Maurice Hicks, advised Corey that he had ten (10) days to file a notice of appeal. On that same day, before leaving the courtroom, Corey asked his lawyer, Mr. Daryl Gold would he file a Notice of Appeal and he said that he would. Corey later called me and asked if I would check with Mr. Gold to be sure it was done before the ten days would expire. I went to Mr. Gold's office and I asked him if he had filed the notice of appeal. He told me that he did. I left his office in good faith believing that he did. When I talked with Corey, I told him that Mr. Gold said that he filed it.

Corey was subsequently transferred back to Shreveport from Pollock, Louisiana for his state charges in June 2007. He was sentenced in January 2008. During this time, Corey asked me to go see Mr. Gold because he should have received something back on his Notice of Appeal. I made and went to several appointments to see Mr. Gold and I was always told that he was still in court or he was out of town. I told Corey that I was giving a hard time trying to see Mr. Gold. Corey begged me not to stop trying because they should have something back on his Notice of Appeal and for me to get a copy. I went back to Mr. Gold's office. There, I spoke to his secretary and asked her for a copy after she stated that they did file the Notice. She went to the computer and there was nothing there. I told her that I didn't understand why it would be there when Mr. Gold was supposed to file it. After leaving the office, I called Corey's friend, Melanie Hamilton, about what the secretary had said. Melanie went to the Federal Court and was that that the Notice of Appeal was not filed. When I was finally able to talk to Mr. Gold and advised him that I wanted to talk to him about Corey's Notice of Appeal and about his hearing for the state, Mr. Gold told me, that Corey doesn't need to worry about his Notice of Appeal and that needs to get through the charges with the state. Melanie was also present during this conversation.

*Mary Holder*
MARY HOLDER

**SWORN TO AND SUBCRIBED** before me this the 5th day of December, 2008.

*Notary Public*
#8318/

*Charity M. Stills,*
*Notary Public*
*My commission is for life.*

# AFFIDAVIT

**STATE OF LOUISIANA**
**PARISH OF CADDO**

     **BEFORE ME**, the undersigned Notary Public, duly commissioned and qualified in the state and parish aforesaid.

     **PERSONALLY CAME AND APPEARED: MELANIE HAMILTON**, affiant, of full age and a resident and domiciled in the state and parish aforesaid, who, after first being duly sworn, did depose and say:

     That affiant called the Clerk of Court of the United States District Court to verify information on behalf of Corey Holder in February 2008. Affiant was informed by Mrs. Marvice that a Notice of Appeal was not filed on Corey Holder's behalf within the ten days of his sentencing date of May 1, 2006. Affiant was further informed about a Form 2255. Mary Holder and I went to Mr. Gold to discuss Corey Holder's case in January 2008, to see the progress of his case. Upon the many questions we asked about the Notice of Appeal, Mr. Gold stated that the Notice was filed within the ten days of his sentencing date and that Mr. Holder did not need to worry about that right now. Mr. Gold further stated that he has more serious charges that he needs to get through.

     *Melanie Hamilton*
     MELANIE HAMILTON

     **SWORN TO AND SUBCRIBED** before me this the 5th day of December, 2008.

     NOTARY PUBLIC

     # 83181
     Charity M. Stills,
     Notary Public
     My commission is for life.

## AFFIDAVIT OF TRUTH

1. I INSTRUCTED MY COUNSEL THAT I WISH TO FILE A NOTICE OF APPEAL, IN WHICH HE AGREED TO DO SO ON MY BEHALF.

2. WITHIN THOSE 10 DAYS I CALLED MR. GOLD AND I WAS TOLD IT HAD BEEN TAKEN CARE OF FOR ME.

3. I ALSO HAD MY MOTHER MARY HOLDER, WHO WILL SUBMIT A SWORN AFFIDAVIT ON MY BEHALF, GO BY MR. GOLDS OFFICE TO SPEAK WITH HIM.

4. MR. GOLD TOLD MRS. HOLDER THAT IT HAD BEEN FILED WITHIN THE 10 DAYS.

5. AROUND JUNE OF 2006 I WAS TRANSFERED TO U.S.P. POLLOCK. IN AUG. OF 2006 I WAS TRANSFERED BACK TO BOSSIER PARISH TO FACE STATE CHARGES. MR. GOLD WAS REPRESENTING ME ON THAT CHARGE AS WELL. WHILE ON A ATTORNEY CLIENT VISIT I ASKED ABOUT MY APPEAL CONCERNING MY FEDERAL CHARGES, AT WHICH TIME HE STATED IT WOULD BE STARTED ON SOON.

6. IN SEPT. OF 2006 I WAS TRANSFERED BACK TO USP. POLLOCK. I DIDNT HEAR FROM AND COULDNT GET INTOUCH WITH MR. GOLD UNTIL I WAS TRANSFERED BACK TO STATE COURT IN CADDO PARISH TO STAND TRIAL ON STATE CHARGES ON JUNE 12, 2007.

7. I WAS SENTENCED FOR ARM ROBBERY ON JAN. 31, 2008, WHILE IN

COURT I ASKED MR. GOLD ONCE AGAIN ABOUT MY FEDERAL APPEAL THINKING THAT WE SHOULDVE HEARD SOMETHING BACK BY NOW. HE STATED HE STILL HAS TIME TO FILE AN APPEAL.

8. IN FEB. OF 2008 I HAD A FRIEND MELANIE HAMILTON, WHO WILL ALSO SUBMIT A SWORN AFFIDAVIT, TO CALL THE CLERK OF COURT FOR THE UNITED STATES DISTRICT COURT IN THE WESTERN DISTRICT OF LOUISIANA ON 300 FANNIN ST. UPON CALLING THE COURT CLERK MISS HAMILTON FOUND OUT THAT MR. GOLD NEVER FILED A NOTICE OF APPEAL NOR APPEAL MY CONVICTION OR SENTENCE.

9. ON FEB. 19, 2008 I WAS TRANSFERRED BACK TO U.S.P. POLLOCK. AT WHICH TIME I WROTE UP A MOTION FOR AN EXTENSION OF TIME TO FILE A 2255.

10. I WAS DENIED BY THE DISTRICT COURT ON THE 3RD DAY OF MARCH. I THEN SUBMITTED THE SAME MOTION TO THE U.S. COURT OF APPEALS, FIFTH CIRCUIT OFFICE OF THE CLERK. THAT WAS DENIED ON JUNE 11, 2008.

I HEARBY CERTIFY THAT THE FOREGOING STATEMENTS MADE BY ME ARE TRUE. I AM AWARE THAT IF ANY OF THE FOREGOING STATEMENTS MADE BY ME ARE WILLFULY FALSE. I AM SUBJECT TO PUNISHMENT UNDER THE PENALTY OF PERJURY.

16TH DAY OF DECEMBER, 2008
DATE

_Corey Hobler_
NAME

TO: CLERK OF COURT, UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
U.S. COURT HOUSE
300 FANNIN ST. SUITE 1167
SHREVEPORT, LOUISIANA 71101-3083

FROM: COREY HOLDER #12600035
UNITED STATES PENITENTIARY
P.O. BOX 2099
POLLOCK, LOUISIANA 71467

RE: UNITED STATES VS. HOLDER, 05-50007-01 / 05-5008M-01
<u>LETTER FOR STATUTORY AND EQUITABLE TOLLING TO REOPEN,
RECONSIDER, OR REINSTATE HIS CRIMINAL JUDGEMENT TO PROCEED
WITH AN OUT-OF-TIME DIRECT APPEAL.</u>

DEAR SIR OR MADAM

I'M WRITING THE COURT TODAY REQUESTING THAT "STATUTORY AND EQUITABLE TOLLING" BE APPLIED TO MY CASE. ALLOWING ME TO FILE, REOPEN, RECONSIDER, OR REINSTATE MY CRIMINAL JUDGEMENT SO THAT I MAY PROCEED WITH AN OUT-OF-TIME DIRECT APPEAL WITH YOUR DISTRICT COURT. YOUR HONOR, I HAVE NEVER HAD MY APPEAL HEARD. MY ATTORNEY LED ME TO BELIEVE THAT HE HAD FILED A NOTICE OF APPEAL WITHIN THE 10 DAY TIME PERIOD. SO THAT I COULD FILE AN APPEAL AFTER MY SENTENCING DAY.

I WAS SENTENCED IN MAY OF 2006 TO 240 MONTHS. I WAS

REPRESENTED BY MR. DARYL GOLD. UPON SENTENCING ME JUDGE MAURICE HICKS ADVISED ME IN OPEN COURT THAT I HAD 10 DAYS TO FILE A NOTICE OF APPEAL. I THEN INSTRUCTED MY COUNSEL THAT I WISH TO FILE A NOTICE OF APPEAL, IN WHICH HE AGREED TO DO SO ON MY BEHALF. WITHIN THOSE 10 DAYS I CALLED MR. GOLD AND I WAS TOLD IT HAD BEEN TAKEN CARE OF FOR ME. I ALSO HAD MY MOTHER MARY HOLDER, WHO WILL SUBMIT A SWORN AFFIDAVIT ON MY BEHALF, GO BY MR. GOLDS OFFICE TO SPEAK WITH HIM. HE TOLD MRS. HOLDER THAT IT HAD BEEN FILED WITHIN THE 10 DAYS. AROUND JUNE OF 2006 I WAS TRANSFERED TO USP POLLOCK. IN AUG. OF 2006 I WAS TRANSFERED BACK TO BOSSIER PARISH TO FACE STATE CHARGES. MR. GOLD WAS REPRESENTING ME ON THOSE CHARGES AS WELL. WHILE ON A ATTORNEY CLIENT VISIT I ASKED ABOUT MY APPEAL CONCERNING MY FEDERAL CHARGES. AT WHICH TIME HE STATED IT WOULD BE STARTED ON SOON. IN SEPT. OF 2006 I WAS TRANSFERED BACK TO USP POLLOCK. I DIDNT HEAR FROM AND COULDNT GET INTOUCH WITH MR. GOLD UNTIL I WAS TRANSFERED BACK TO STATE COURT IN CADDO PARISH TO STAND TRIAL ON STATE CHARGES ON JUNE 12, 2007. I WAS SENTENCED ON JAN. 31, 2008, WHILE IN THE COURT ROOM I ASKED MR. GOLD ONCE AGAIN ABOUT MY APPEAL CONCERNING THE FEDERAL CHARGES, THINKING THAT WE SHOULD'VE HEARD SOMETHING BACK BY NOW. HE STATED HE STILL HAS TIME TO FILE AN APPEAL. IN FEB. OF 2008 I HAD A FRIEND MELANIE HAMILTON, WHO WILL ALSO SUBMIT A SWORN AFFIDAVIT, TO CALL THE CLERK OF COURT FOR THE UNITED STATES DISTRICT COURT IN THE WESTERN DISTRICT OF LOUISIANA ON 300 FANNIN ST. UPON CALLING THE COURT CLERK MISS. HAMILTON FOUND OUT THAT MR. GOLD NEVER FILED A NOTICE OF APPEAL NOR APPEAL MY CONVICTION OR SENTENCE. ONCE MISS HAMILTON INFORMED ME OF THIS MATTER I ASKED HER TO CALL THE CLERKS OFFICE AGAIN AND HAVE THEM TO

CONNECT HER TO SOMEONE WITH SOME LEGAL ADVICE. IN DOING THAT SHE WAS CONNECTED TO SOMEONE WHO SUGGESTED TO HER ABOUT WRITING A LETTER FOR EXTENSION TO THE COURT. ALSO, ABOUT A 2255 MOTION IN WHICH THEY MAILED TO HER. ON FEB. 19, 2008 I WAS TRANSFERED BACK TO USP POLLOCK. AT WHICH TIME I WROTE UP A MOTION FOR EXTENSION OF TIME TO FILE A 2255. ACCORDING TO THE ADVICE GIVEN TO MISS HAMILTON. WHICH WAS DENIED BY THE UNITED STATES DISTRICT COURT OF THE WESTERN DISTRICT OF LOUISIANA IN SHREVEPORT DIVISION ON THE 3RD DAY OF MARCH. DO TO THE FEDERAL COURT LACKING THE JURISDICTION TO CONSIDER THE TIMELINESS OF A § 2255 PETITION. I THEN SUBMITTED A HAND WRITTEN MOTION FOR EXTENSION OF TIME TO THE UNITED STATES COURT OF APPEALS, FIFTH CIRCUIT OFFICE OF THE COURT CLERK. THAT HAS BEEN DENIED ON JUNE 11, 2008. STATING THE COURT LACKS JURISDICTION TO EXTEND THE TIME TO FILE A 2255 MOTION.

SINCE I HAVE NEVER HAD MY ISSUES HEARD ON APPEAL AND ONLY FOUND THIS OUT JAN. 31, 2008 BY MR. GOLD AND IN FEB. OF 2008 BY THE DISTRICT COURT, I BEG THE COURT TO ALLOW ME TO FILE A MOTION FOR DELAYED APPEAL, AN OUT-OF-TIME APPEAL, OR RECONSIDER, REOPEN, OR REINSTATE MY CRIMINAL JUDGEMENT SO THAT I MAY PROCEED WITH AN OUT-OF-TIME APPEAL. AND THAT THE COURT APPLY THE RULES OF "EQUITABLE TOLLING" TO MY CASE. UNDER THESE CIRCUMSTANCES OF MY CASE I FEEL THAT I HAVE BEEN DEPRIVED OF THE RIGHT TO APPEAL AND COLLATERAL ATTACK DUE TO COUNSEL'S OBVIOUS FAILURE TO PURSUE MY REQUEST TO APPEAL.

UNITED STATES COURT OF APPEAL FOR THE FIFTH CIRCUIT HELD: UNITED STATES VS. ZARATE, 2007 U.S. DIST. LEXIS 82405 THAT MANY OF

Zarate counsel's actions in the case led Zarate to believe that she had a pending appeal and a § 2255 motion. Notably, because counsel never moved to withdraw and Zarate never received notice of the dismissal of her appeal. Thus, it was reasonable for her to believe that her appeal remained pending. The court also deems Zarate's motion timely filed under 28 U.S.C. § 2255(4).

"When counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out successful ineffective assistance of counsel claim entitling him to an appeal."

In short, and as the government concedes, counsel rendered ineffective assistance on appeal in this case, and deprived Zarate of her right to a direct appeal, United States v. Zarate, 2007 U.S. Dist. Lexis 82405.

Mr. Holder also avers that he is entitled to equitable tolling in light of what he considers the unusual and compelling circumstances of his case. Mr. Holder also contends that equitable tolling is warranted in this case based on (1) Holder's diligent pursuit of his legal rights to appeal; (2) misinformation provided by Mr. Holder's counsel regarding the timely filing of a 10 day notice of appeal. (3) Because Mr. Holder did not learn, that his counsel had failed to pursue his appeal, and the information about a 2255 motion or letter for extension until Feb. of 2008.

IN COLEMAN V. THOMPSON, 501 U.S. 722, 115 L. Ed. 2d 640, 111 S. Ct. 2546 (1991), THE SUPREME COURT HELD THAT IN THE CASE OF A DIRECT APPEAL, WHERE THE DEFENDANT HAS A CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL, THE DEFENDANT WOULD NOT BE HELD RESPONSIBLE FOR HIS ATTORNEY'S DERELICTION. (Id. AT 753-54)

THEREFOR, MR. HOLDER ASK THIS HONORABLE COURT TO GRANT HIM PERMISSION TO REOPEN, RECONSIDER, OR REINSTATE HIS CRIMINAL JUDGEMENT SO THAT HE MAY PROCEED WITH AN OUT-OF-TIME DIRECT APPEAL, OR WHATEVER THE COURT DEEMS EQUITABLE.

THANK YOU,

Corey Holder