UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 05-50007-01 |
| VERSUS | CIVIL ACTION NO. 09-0036 |
| COREY HOLDER | JUDGE S. MAURICE HICKS, JR. |

**MEMORANDUM RULING**

Before this Court is a Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (Record Document 45) filed by the Petitioner, Corey Holder ("Holder"). Holder seeks an order from the court reinstating his right to appeal or, in the alternative, granting his request for an evidentiary hearing on the grounds that he received ineffective assistance of counsel and that the nature of his claims entitles him to equitable tolling. For the reasons set forth below, Holder's motion is **DENIED**.

**BACKGROUND**

The Presentence Investigation Report (PSR) indicates that on July 17, 2004, in Bossier City, Louisiana, law enforcement officers came in contact with Holder outside of a club. Holder, who was a convicted felon, possessed a firearm. Holder was also in possession of a firearm on October 31, 2004. See PSR, prepared on April 27, 2006.

On April 28, 2005, a federal grand jury returned a superseding indictment charging Holder with four counts. Count One charged him with possession of a firearm by a convicted felon on July 17, 2004, in violation of 18 U.S.C. § 922(g)(1). Count Three also charged him with possession of a firearm by a convicted felon but on October 31, 2004. Counts Two and Four were forfeiture counts. See Record Document 24.

On November 4, 2005, pursuant to a written plea agreement, Holder entered a plea of guilty to Counts One and Three of the indictment. See Record Document 32. On May 1, 2006, Holder was sentenced to 120 months imprisonment as to Counts One and Three. The terms of imprisonment were ordered to run consecutively to each other for a total of 240 months imprisonment. See Record Documents 38-39.

On February 26, 2008, Holder filed a motion for extension of time to file a § 2255 motion. See Record Document 41. That motion was denied. See Record Document 42. On December 22, 2008, Holder filed a "Letter for Statutory and Equitable Tolling to Reopen, Reconsider, or Reinstate his Criminal Judgment to Proceed with an Out-of-Time Direct Appeal." See Record Document 43. The Court denied that motion without prejudice. Holder then filed a § 2255 motion on January 9, 2009 on the ground that "counsel rendered ineffective [assistance of] counsel when he failed to file a requested appeal." See Record Document 45. On November 15, 2010, Holder filed an amendment to his § 2255 motion asserting the following grounds:

> A. Counsel rendered ineffective assistance when he failed to file a requested notice of appeal.
> B. Where, but for counsel's failure to inform petitioner of his right to challenge the illegal search and seizure prior to being placed in jeopardy, petitioner would not have entered a plea of guilty, counsel's performance was constitutionally deficient.
> C. Counsel rendered ineffective assistance when he failed to adequately investigate the charges, and grossly miscalculated petitioner's predicted sentence.
> D. With respect to Count 3 of the superceding Indictment, counsel rendered ineffective assistance when he failed to adequately advise petitioner of the elements of the charged offense, the government's burden of proof, and the sufficiency and admissibility of the evidence.
> E. Counsel rendered ineffective assistance where, but for counsel's failure to inform petitioner that he had a right

> to challenge his illegally obtained statements made while in custody, before being placed in jeopardy, petitioner would not have entered a plea of guilty, and would have insisted upon trial.

See Record Document 54-1.

## LAW AND ANALYSIS

After conviction and exhaustion of a defendant's right to appeal, the Court is "entitled to presume that the defendant stands fairly and finally convicted." U.S. v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991), quoting U.S. v. Frady, 456 U.S. 152, 164, 102 S.Ct. 1584, 1592 (1982). "Our trial and appellate procedures are not so unreliable that we may not afford their completed operation any binding effect beyond the next in a series of endless post conviction collateral attacks. To the contrary, a final judgment commands respect." Frady, 456 U.S. at 164-65, 102 S.Ct. at 1593. Consequently, issues that can be presented in a motion filed under 28 U.S.C. § 2255 are limited. A defendant can challenge a final conviction only on issues of constitutional or jurisdictional magnitude. See Shaid, 937 F.2d at 232. As the Fifth Circuit has stated:

> Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. Nonconstitutional claims that could have been raised on direct appeal, but were not, may not be asserted in a collateral proceeding.

U.S. v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992) (citations omitted).

Even if a defendant has issues that are constitutional or jurisdictional in nature, he may be procedurally barred from raising them. In order to raise an issue for the first time on collateral review, a defendant must show both "cause" for his procedural default and

"actual prejudice" resulting from the error. Id. at 168. To establish "cause," a defendant must show some external impediment prevented him from raising the claim on direct appeal. See U.S. v. Flores, 981 F.2d 231, 235 (5th Cir. 1993). In order to meet the "actual prejudice" test, he must demonstrate not just the possibility of prejudice, "but an actual and substantial disadvantage, infecting his entire trial with error of constitutional dimension." Shaid, 937 F.2d at 233.

A narrow exception to the "cause and actual prejudice" requirement exists in extraordinary cases "in which a constitutional violation has probably resulted in the conviction of one who is actually innocent." Id. at 232. The Supreme Court has emphasized that this exception is limited to only those cases involving "manifest miscarriages of justice" that would result in the continued incarceration of an innocent person.[1] Id., citing Smith v. Murray, 477 U.S. 527, 537, 106 S.Ct. 2661, 2649 (1986).

**I.        Ineffective Assistance of Counsel**

The general rule prohibiting a defendant from raising claims on collateral review absent "cause" and "actual prejudice" does not apply to claims of ineffective assistance of counsel. Massaro v. United States, 538 U.S. 500, 504, 123 S.Ct. 1690, 1693, 155 L.Ed. 2d 714 (2003). This "procedural-default rule is neither a statutory nor constitutional requirement, but it is a doctrine adhered to by the courts to conserve judicial resources and to respect the law's important interest in the finality of judgments." Id. at 503. Requiring

---

[1]To establish "actual innocence" in a case where the petitioner entered a plea of guilty, he must demonstrate that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley v. United States, 523 U.S. 614, 623, 118 S.Ct. 1604, 1611, 140 L.Ed.2d 828 (1998), citing Schlup v. Delo, 513 U.S. 298, 327-28, 115 S.Ct. 851, 867-68, 130 L.Ed.2d 808 (1995).

a criminal defendant to bring claims of ineffective assistance of counsel on a direct appeal does not promote these objectives. Id. A claim of ineffective assistance of counsel cannot be properly resolved on appeal because there has been no opportunity to develop the record on the merits of these allegations. United States v. Alanis, 88 Fed. Appx.15, 19 (5th Cir. 2004). Thus, a criminal defendant is permitted to bring ineffective assistance of counsel claims in a collateral proceeding under § 2255, regardless of whether such claims could have been raised on direct appeal. Id.

To prevail on claims of ineffective assistance of counsel, Holder must prove (1) that his counsel's actions fell below an objective standard of reasonableness and (2) that his counsel's ineffective assistance was prejudicial. See Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Bryant v. Scott, 28 F.2d 1411, 1414-15 (5th Cir. 1994). Under the first prong of the Strickland analysis, Holder must show that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. The court is to presume that the attorney's actions are encompassed within the wide range of reasonable competence and fall under the ambit of trial strategy. The defendant may overcome this presumption only by showing that under the "totality of the circumstances," the attorney's performance was "outside the wide range of professionally competent assistance." Id., 466 U.S. at 690, 104 S.Ct. at 2066.

Under the second prong of the Strickland test, Holder must show "that there is a reasonable probability that, but for counsel's specified errors, the result of the proceeding would have been different." Murray v. Maggio, 736 F.2d 279, 282 (5th Cir. 1984). "A reasonable probability is a probability to undermine confidence in the outcome." Strickland,

466 U.S. at 690, 104 S.Ct. at 2066. Holder must demonstrate that the attorney's actions "were so serious as to render the proceeding unreliable and fundamentally unfair." United States v. Saenz-Forero, 27 F.3d 1016 1021 (5th Cir. 1994) citing Lockhart v. Fretwell, 506 U.S. 364, 372, 113 S.Ct. 838, 844, 122 L.Ed.2d 180 (1993). If Holder fails to establish either prong of the Strickland test, his claim of ineffective assistance of counsel must be denied. See Tucker v. Johnson, 115 F.3d 276, 280 (5th Cir. 1997); Bryant v. Scott, 28 F.3d 1411, 1415 (5th Cir. 1994); Williams v. Collins, 16 F.3d 626, 631 (5th Cir. 1994).

**II.     Statue of Limitations under 28 U.S.C. § 2255**

Even if Holder could establish that his attorney's actions were both a) below a reasonable professional standard and b) that he suffered actual prejudice as a result of those actions, he is nonetheless required to file his § 2255 motion timely, or else it is barred. "A 1-year period of limitation shall apply to a motion under this section." See 28 U.S.C. § 2255(f). At the time the Holder filed the motion, his conviction had been final for more than one year. Holder's conviction became final ten days after the judgment was entered. See Fed.R.Ap.P. 4(b)(1).[2] The judgment was entered on May 5, 2006. See Record Document 39. For the purpose of filing a § 2255 motion, "a conviction becomes final when defendant's options for further direct review are foreclosed." United States v. Thomas, 203 F.3d 350, 352 (5th Cir. 2000). Holder filed this § 2255 motion on January 9, 2009. See Record Document 45. Because Holder waited over a year after his judgment had become final to file this motion, it is clearly untimely.

---

[2] The time period for filing an appeal in a criminal case was changed from 10 days to 14 days on December 1, 2009.

### a. Equitable Tolling

Holder claims that he is due "equitable tolling" because he was under the impression that his attorney was pursuing an appeal and that once he discovered no appeal had been pursued, the time limitation for filing the § 2255 motion had expired. However, only "rare and exceptional circumstances" justify equitable tolling of the one-year limitation period of § 2255. Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998); United States v. Riggs, 314 F.3d 796, 799 (5th Cir. 2002); United States v. Patterson, 211 F.3d 927, 930 (5th Cir. 2000); Fisher v. Johnson, 174 F.3d 510, 513 (5th Cir. 1999). The defendant has the burden to establish that equitable tolling is applicable. Phillips v. Donnell, 216 F.3d 508, 511 (5th Cir. 2000). In order for equitable tolling to apply, the applicant must diligently pursue his relief. Coleman v. Johnson, 184 F.3d 398, 403 (5th Cir. 1999). After reviewing Holder's § 2255 motion and its amendment, the Court finds that he was less than diligent in the pursuit of his relief.

However, even if Holder had been more diligent, his attorney's alleged ineffective assistance of counsel cannot toll the running of the statute of limitations for the filing of a § 2255 motion. It is well established in the Fifth Circuit that ineffective assistance of counsel is generally "irrelevant to the tolling decision." United States v. Riggs, 314 F.3d 796, 809 (5th Cir. 2002). "Mere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified." Cousin v. Lensing, 310 F.3d 843, 849 (5th Cir. 2002). In the instant case, the Court finds that equitable tolling is inapplicable to Holder's claims.

An attorney's intentional deception may, in rare circumstances, warrant equitable tolling, but the defendant must show that he reasonably relied on his attorney's deceptive

misrepresentations. United States v. Wynn, 292 F.3d 226, 230- 231 (5th Cir. 2002). In Wynn, the attorney actually misled the defendant by informing the defendant's father that a post-conviction motion had been filed, but, in fact, no post-conviction motion had been filed. Thus, pursuant to Wynn, equitable tolling may apply if a petitioner is deceived by his attorney to believe that the attorney has filed a § 2255 motion (not an appeal) on his behalf.

A case particularly applicable also arose out of the Monroe Division of this district. In United States v. Antoine Smith, Cr. No 04-30009-01, 2000 WL 1455970 (W.D.La. April 5, 2007), the report and recommendation adopted by the district court provided that an attorney's failure to pursue an appeal would not warrant equitable tolling. The report and recommendation read as follows:

> Moreover, unlike Wynn, the alleged representation by Smith's counsel was that he would file an appeal, not a habeas petition. Ordinarily, an appeal must be filed within ten days after entry of the judgment. Fed.R.App.P. 4(b)(1)(A). Smith was certainly capable of checking with the Court of Appeals to determine whether an appeal had been filed. (See, Def. Exhs. D-E). At some point within the habeas limitations period, Smith's repeated inability to contact counsel should have compelled him to check with the Court of Appeals. See Garza, *supra*. Here, Smith did not contact the Court of Appeals until almost three months after the habeas limitations period had lapsed. Smith's delay defeats any suggestion that he diligently pursued his habeas remedy. See Coleman, *supra*. Accordingly, Defendant has not established that he is entitled to equitable tolling.

Id. at *2.

In the instant case, as in Smith, the alleged representation by the defendant's counsel related to filing an appeal, not a habeas petition. Furthermore, as in Smith, the defendant was certainly capable of checking with the Court of Appeals to determine whether an appeal had been filed before the time limitations for filing a § 2255 had lapsed.

As in Smith, at some point before the habeas limitations period had lapsed, the defendant's repeated inability to contact counsel should have compelled him to check with the Court of Appeals.

In Smith, the defendant did not contact the Court of Appeals until almost three months after the habeas limitations period had lapsed. In the instant case, neither the defendant nor his family contacted the Court of Appeals until almost nine months after the period for filing the § 2255 motion had lapsed. The § 2255 motion should have been filed at least by May, 2007. However, the defendant, through Melanie Hamilton, did not check with the Clerk of Court for the United States District Court until February of 2008 to determine that a notice of appeal had not been filed. This delay, as in Smith, "defeats any suggestion that he diligently pursued his habeas remedy." As in Smith, the defendant has not established that he is entitled to equitable tolling. The defendant, thus, has failed to establish that equitable tolling is justified.

Upon reviewing the allegations Holder made in the amendment to his § 2255 motion, the Court finds that they are temporally barred, and thus declines to comment on their merit. However, even if these allegations reflected valid claims of ineffective assistance of counsel, Holder makes no assertions that suggest they warrant equitable tolling. As stated previously, the defendant has the burden to establish that equitable tolling is applicable. Phillips v. Donnell, *supra*. His allegations of ineffective assistance of counsel do not support equitable tolling, and thus they are temporally barred.

### III. Evidentiary Hearing under 28 U.S.C. § 2255

28 U.S.C. § 2255(b) requires the court to hold an evidentiary hearing on a defendant's claim, "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." In the instant case, it is clear to the Court, after a thorough review of the record and applicable jurisprudence, that Holder is entitled to no relief, and therefore an evidentiary hearing is unwarranted.

### CONCLUSION

The Court finds that Holder's claims of ineffective assistance of counsel do not warrant equitable tolling. See United States v. Antoine Smith, *supra*; Phillips v. Donnell, *supra.* The Court further finds that Holder's claim is temporally barred. See 28 U.S.C. § 2255(f). Also, because Holder is entitled to no relief, the Court finds that an evidentiary hearing regarding his claim is unwarranted. See 28 U.S.C. § 2255(b). Accordingly, Holder's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (Record Document 66) be and is hereby **DENIED WITH PREJUDICE**.

Pursuant to Rule 11(a) of the Rules governing § 2255 proceedings for the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. "Before entering the final order, the court *may* direct the parties to submit arguments on whether a certificate should issue." Rule 11(a) Rule Governing Section 2255 Proceedings for the United States District Courts (emphasis added). Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals.

In this instance, a certificate of appealability is **DENIED** because the applicant has failed to demonstrate a substantial showing of the denial of a constitutional right.

An order consistent with the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 26th day of May, 2011.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE